IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00665-GPG

FRANCIS JOSEPH TEAGUE,

    Applicant,

v.

RANDY LIND,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

    Applicant, Francis Joseph Teague, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Teague has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his conviction and sentence in Adams County District Court case number 95CR34. The court must construe the application liberally because Mr. Teague is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    The application is deficient. First, Mr. Teague must assert his claims challenging the validity of his state court conviction and sentence in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 rather than § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed

electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."  Therefore, Mr. Teague will be directed to file an amended pleading on the court-approved form for a habeas corpus action pursuant to § 2254.

Second, the application also is deficient because Mr. Teague fails to identify clearly the constitutional rights allegedly violated in the claims he asserts and he fails to allege specific facts in support of his claims that demonstrate how his constitutional rights have been violated.  Habeas corpus relief is warranted only if Mr. Teague "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Teague must identify the specific federal constitutional right allegedly violated in each claim he is asserting and he must provide specific factual allegations in support of each asserted claim.  Although the court must construe the pleading liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not

cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).   Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Teague file an amended pleading on the proper form that provides a clear statement of the federal constitutional claims he is asserting.   It is

FURTHER ORDERED that Mr. Teague shall obtain the appropriate, court-approved pleading form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Teague fails within the time allowed to file an amended pleading on the proper form that complies with this order, the action will be dismissed without further notice.

DATED March 23, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge